AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
для the
District of New Mexico

| | | |
|---|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Approximately $12,014.00 in U.S. Currency | )<br>)<br>)<br>)<br>) | Case No.  **23mr1199** |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of ___New Mexico___ is subject to forfeiture to the United States of America under ___21___ U.S.C. § __881(a)(6)__ *(describe the property)*:

Approximately $12,014.00 (official count pending) in U.S. currency seized from Tyler Witt on May 19, 2023 by the Albuquerque Police Department and currently in the possession of APD.

The application is based on these facts:
See attached affidavit, which was reviewed and approved by AUSA Taylor Hartstein on June 12, 2023

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Thomas D. Novicki, DEA Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by being submitted electronically and sworn telephonically.

Date: __06/13/2023__

_____
*Judge's signature*

City and state:  Albuquerque, New Mexico

Jon. Laura Fashing, U.S. Magistate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Thomas Novicki, Task Force Officer of the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Task Force Officer with the Drug Enforcement Administration ("DEA"), United States Department of Justice ("DOJ"). I have been a Task Force Officer with DEA since September 2010. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct investigations and to make arrests for criminal offenses, to include those enumerated in 18 U.S.C. § 2516. I am also authorized to apply for and execute seizure warrants pursuant to 21 U.S.C. § 878.

2.  I am presently employed by the Albuquerque Police Department ("APD") and assigned to the DEA, Albuquerque District Office, Enforcement Group 4, as a Task Force Officer. My experience as a Task Force Officer ("TFO") includes, but is not limited to, conducting surveillance, writing affidavits for and executing search warrants, and working with undercover agents and informants. I have received training and have experience in the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. I have participated in the investigation of drug trafficking conspiracies. As a result, I am, and agents assisting in this investigation are, familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions. I also have experience in interpreting and analyzing drug codes and cryptic

1

dialogue used by drug traffickers. I am aware that DTOs are concerned about the efforts law enforcement makes to disrupt and dismantle their activities.

3. This case is being investigated by the DEA and the APD. I make this affidavit based on reports and information made available to me by other agents, TFOs, detectives and other law enforcement authorities. This affidavit is intended only to show that there is sufficient probable cause for the requested Seizure Warrant and does not set forth all my knowledge of the facts pertaining to this matter.

4. I make this Affidavit in support of an application for the issuance of a Seizure Warrant pursuant to Title 18 United States Code section 981(b) and Title 21 United States Code sections 881(a)(6) and 881(b), for:

> **U.S. Currency currently in the custody of the Albuquerque Police Department in the approximate amount of $12,014.00 (the "SUBJECT CURRENCY").**

The SUBJECT CURRENCY was seized by the APD on May 19, 2023, at 307 Madison St NE, Albuquerque, NM 87108.

5. Based upon the facts detailed in this Affidavit, probable cause exists that the SUBJECT CURRENCY represents either (1) moneys furnished in exchange for a controlled substance, (2) moneys intended to be furnished in exchange for a controlled substance, (3) proceeds traceable to such an exchange, or (4) moneys used or intended to be used to facilitate the manufacture, distribution, or possession with intent to distribute a controlled substance. The SUBJECT CURRENCY is therefore subject to forfeiture under 21 U.S.C. § 881(a)(6).

6. When I assert that a statement was made, I have either direct knowledge of the statement, or the information was provided by another law enforcement agent (who may have

had either direct or hearsay knowledge of the statement), and I have either spoken to the agent or I have read and reviewed the agent's report.

7. Since this Affidavit is being submitted for the limited purpose of securing a Seizure Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for an order authorizing the seizure of the SUBJECT CURRENCY described in paragraph 4.

## RELEVANT STATUTES

8. Title 21 United States Code § 841(a) provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, dispense, possess with intent to manufacture, distribute, dispense, a controlled substance; (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841(a). Subsection (b) sets the penalties corresponding to various controlled substances in various amounts. These controlled substances include fentanyl, methamphetamine, and cocaine. 21 U.S.C. § 841(b).

9. Title 21 United States Code § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

10. Title 21 United States Code § 881(a)(6) provides that "[t]he following shall be subject to forfeiture to the United States and no property right shall exist in them: . . . (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be

furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6).

11. Title 21 United States Code § 881(b) provides that "[a]ny property subject to forfeiture to the United States under this section may be seized by the Attorney General in the manner set forth in section 981(b) of Title 18." 21 U.S.C. § 881(b).

12. Title 18 United States Code § 981(b)—which is referred to by 21 U.S.C. § 881(b) (above)—governs civil seizure and forfeiture of property by the Attorney General and other designated individuals.

13. Title 18 United States Code § 981(b)(2) provides, in relevant part, that "[s]eizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." 18 U.S.C. § 981(b)(2).

## PROBABLE CAUSE

14. On May 12, 2023 Central Narcotics Detectives conducted a controlled buy of Fentanyl pills from the residence located at 307 Madison St NE, Albuquerque, New Mexico, 87108. As a result of this purchase APD, Detective Herman Martinez obtained a search warrant that was signed by Honorable Judge Yvette Gonzales, New Mexico State Metropolitan Court Judge.

15. On May 19, 2023 Detective Martinez conducted a pre-search warrant briefing. After the briefing, APD Narcotic Detectives and DEA Special Agents went to the premises

located at 307 Madison St NE. Entry personnel walked to the front door. Detective J. Guzman opened an unlocked security door and knocked and announced the presence of police officers. Detective Martinez used an entry tool and breached the front door open.

16. Once entry was made into the residence, Detectives observed a male subject who was later identified as Tyler Witt coming out of a bedroom in the northwest portion of the house. Detective Garcia gave Witt several verbal commands which Witt appeared to perceive, but with which he did not immediately comply. Witt eventually complied with Detective Garcia's commands and was detained by law enforcement during the search. A female who was later identified as Cher Witt was also located in the residence. Cher Witt was not detained during the search and was allowed to step out of the residence. Cher Witt and Tyler Witt were both outside the residence while Central Narcotic Detectives and DEA Special Agents cleared the residence for other persons.

17. Detective Guzman took photographs of the residence prior to it being searched. After the photographs were taken Narcotic Detectives conducted a search of the north west bedroom belonging to Tyler Witt. In total, Sgt Daniel Lopez located approximately 565 grams of fentanyl pills or the equivalent of 5,065 fentanyl pills. Several of the pills were scattered on the bed and floor of the bedroom. Sgt. Lopez also located three separate bundles of pills that were wrapped in black tape inside of a backpack bag. These bundles contained approximately 1000 pills per bundle. An additional clear plastic baggy containing several Fentanyl pills, 2 Fentanyl patches, and a vile of clear liquid that was presumed to be Fentanyl was found in the bedroom. Detective D. Garcia conducted a field test on the pills which showed a presumptive positive for the presence of Fentanyl pills.

18. Detective D. Garcia also located, approximately 50 grams of methamphetamine in the northwest bedroom. Detective Sgt. Lopez also located a glass bowl in the northwest bedroom that contained a white crystalized residue within it. Detective D. Garcia conducted a field test of the substances found which indicated a presumptive positive for the presence of Methamphetamine.

19. Additionally, Detective D. Garcia located approximately 8 grams of a white powdery substance on a desk in the northwest bedroom. Detective D. Garcia conducted a field test of the substance. The test indicated a presumptive positive response for the presence of Cocaine.

20. Detective D. Garcia and Sgt. Lopez continued to search the northwest bedroom and located a Sig Sauer 9mm handgun and a Beretta 9mm handgun, which was subsequently determined to have been reported stolen. Law enforcement offers also discovered and seized various 9 mm ammunition, .45 caliber ammunition, handgun magazines, and plastic baggies.

21. Sgt. Lopez also located approximately $12,014 (the SUBJECT CURRENCY) inside of a locked black bag. The bag was found in the bottom drawer of a plastic cart inside of the residence.

22. Detective D. Garcia advised Tyler Witt of his constitutional rights per Miranda, which Witt stated he understood. Witt waived his right to an attorney and agreed to speak with Detective D. Garcia, admitting that he sold Methamphetamine and Fentanyl pills. Witt also claimed ownership of the firearms.

23. Based on the amount of Methamphetamine and Fentanyl pills located in Tyler Witt's room, his admission to being a Methamphetamine and Fentanyl dealer, and the presence

of baggies and firearms in the residence along with illegal narcotics, Witt was charged with New Mexico State charges including the following: Possession with intent to distribute a Controlled substance to wit: Methamphetamine; Possession with Intent to Distribute a Controlled substance to wit: Fentanyl; and Possession of a Controlled substance to wit: Cocaine. Tyler Witt was transported to the APD prisoner transport center where he was booked without incident or injury.

24. Detectives concluded their search of the residence. Detective Guzman took exit photos of the residence. Detective Guzman photographed the windows, front door and door frame that were damaged during entry into the residence. Additionally, Detectives photographed the search warrant and return and inventory that was left in the residence located at 307 Madison NE.

25. Based on my training and experience, possessing 565 grams of Fentanyl, which is the equivalent of approximately 5,065 Fentanyl pills, is consistent with drug trafficking rather than personal use.

## CONCLUSION

26. Based on the above facts and circumstances, there is probable cause to believe that the aforementioned SUBJECT CURRENCY represents proceeds of illegal drug trafficking, money to be furnished in exchange for controlled substances, or money used or intended to be used to facilitate illegal drug trafficking in violation of Title 21 United States Code sections 841 and 846. As such, the SUBJECT CURRENCY is subject to seizure and forfeiture to the United States pursuant to Title 18 United States Code sections 981(b), and Title 21 United States Code section 881(a)(6).

27. This affidavit was reviewed and approved by AUSA Taylor Hartstein on June 12, 2023.

28. I swear that this information is true and correct to the best of my knowledge.

*[signature]*
Thomas D. Novicki, Task Force Officer
U.S. Drug Enforcement Administration
Albuquerque District Office

Electronically submitted and telephonically sworn on this the 13th day of June, 2023:

*[signature]*
HONORABLE LAURA FASHING
United States Magistrate Judge
New Mexico Judicial District